1  Andrew M. Gaggin (#034657)
**LERNER & ROWE PC**
2  2701 E Camelback Road, Suite 140
Phoenix, AZ 85016
3  Tel: 602-977-1900
Fax: 602-977-1901
4  andrewg@lernerandrowe.com
*Attorneys for Plaintiff*
5

6

7  **IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

8

| | |
|---|---|
| **LERNER & ROWE, PC, an Arizona corporation;** | **Case No. _____** |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | |
| **BROWN ENGSTRAND & SHELLY LLC, d/b/a THE ACCIDENT LAW GROUP, an Arizona corporation; JOSEPH L. BROWN, an individual; and DOES 1-10, inclusive.** | **(Trademark Infringement Under 15 U.S.C. §§ 1114, 1117 and 1125(a)(1)(a); Common Law Trademark Infringement in Arizona; Unjust Enrichment)** |
| **Defendants.** | **(Jury Trial Demanded)** |

16

17     Plaintiff Lerner & Rowe, PC ("Lerner & Rowe" or Plaintiff), for its Complaint against

18  Defendants Brown Engstrand & Shelly LLC d/b/a The Accident Law Group (hereinafter

19  "ALG"), Joseph L. Brown, an individual, and Does 1 through 10 (collectively "Defendants")

20  alleges as follows:

21                          **INTRODUCTION**

22     1.     This is an action for federal trademark infringement, federal unfair competition,

23  federal false designation of origin and false description in violation of Sections 32 and 43(a) of

24  the Federal Trademark Act ("Lanham Act"), 15 U.S.C. §§ 1114 and 1125(a); and for trademark

25  infringement in violation of the common law of the state of Arizona, and unjust enrichment per

26  Arizona Revised Statutes Title 44 – Trade and Commerce § 44-403 Damages.

2.      Plaintiff seeks an injunction prohibiting Defendants from using Plaintiff's federally registered trademarks in commerce.

3.      In addition, Plaintiff seeks compensatory damages, punitive damages, and profits from the violations described herein, as well as its costs and attorneys' fees incurred in bringing this action.

## PARTIES

4.      Plaintiff Lerner & Rowe, PC is a corporation organized and existing under the laws of the State of Arizona with its principal place of business at 2701 E Camelback Rd #140, Phoenix, AZ 85016.

5.      Upon information and belief, Defendant Brown Engstrand & Shelly LLC d/b/a The Accident Law Group ("ALG") is a limited liability corporation organized and existing under the laws of the State of Arizona with its principal place of business at 2141 E. Broadway Rd., Ste. 211, Tempe, AZ, 85282.

6.      Upon information and belief, Defendant ALG has committed the acts complained of herein in this District, and throughout the United States.

7.      Upon information and belief, Defendant Joseph L. Brown is an individual, an attorney licensed to practice in Arizona, and at all times material to the issues presented herein, was the principal of and the active, conscious and dominant force behind the illegal activities of Defendant ALG, is also the President/CEO and Director for ALG, is a Shareholder in ALG and Defendant Joseph L. Brown provides legal services to injury victims via his affiliation with Defendant ALG,  and resides in Maricopa County, Arizona.

8.      Upon information and belief, Defendant Joseph L. Brown has committed the acts complained of herein in this District, and throughout the United States.

9.      The true names and capacities whether individual, corporate, associate, or otherwise of Defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff

as of the time of the filing of this complaint. Plaintiff, therefore, sues said DOE Defendants by their fictitious names. Plaintiff is informed, believes, and thereon alleges, that each of the Defendants designated herein as a DOE Defendant is involved in, entitled to, or in some manner responsible as the principal, beneficiary, agent, coconspirator, joint venture, alter ego, third party beneficiary, or otherwise, for the agreements, transactions, events, and/or acts hereinafter described that proximately caused injuries and damages to Plaintiff, as alleged in this complaint. Plaintiff will seek leave to amend this complaint to add the true names of these Defendants when their identities have been ascertained.

10.     Plaintiff is informed and believes, and based thereon alleges, that at all times mentioned herein, each Defendant was the agent, servant, and/or employee of the other Defendants, and each of them, and in the acts and omissions herein mentioned, was acting within the course and scope of said agency, servitude, and/or employment, or was otherwise derivatively liable for each of the other Defendants' acts. At all times mentioned herein, each Defendant was chargeable with and bound by the knowledge and information received by and on behalf of each of the other Defendants. All the acts of Defendants, and each of them, were ratified and adopted by the acts of their co-defendants, and each of them.

## JURISDICTION AND VENUE

11.     This Court has original jurisdiction under 28 U.S.C. § 1331, as this is a civil action arising under 15 U.S.C. §§ 1114 and 1125(a). The Court has supplemental jurisdiction over all other claims pursuant to 28 U.S.C. § 1367 insofar as all claims alleged herein form part of the same case or controversy under Article III of the United States Constitution.

12.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 in that Defendants regularly and continually advertise, solicit and/or conduct business in this District, Plaintiff's claim arises in this district and a substantial part of the events or omissions giving rise to the claims and the harm and damage to Plaintiff as complained of hereinafter have occurred

1   here, are occurring here and will continue to occur here if not enjoined by the Court.

2                                           **FACTUAL BACKGROUND**

3                     *Plaintiff Lerner & Rowe and the LERNER & ROWE Family of Marks*

4           13.     The office of Lerner & Rowe, PC was established in 2005 by Glen Lerner and

5   Kevin Rowe, founded on the principles of quality representation and a dedication to client

6   service and satisfaction.

7           14.     Lerner & Rowe has helped tens of thousands of injured persons following

8   accidental injuries and has become one of the largest, most successful personal injury law firms

9   in Arizona. Lerner & Rowe provides services to people in the greater metropolitan Phoenix area

10  and throughout the state, including Bullhead City, Yuma, Tucson, Mesa, Scottsdale, Gilbert,

11  Arrowhead, and Glendale. Lerner & Rowe has also received national recognition and offers

12  legal services in several other states including Nevada, New Mexico, Tennessee, Illinois,

13  Indiana, Washington, Oregon, California, Alabama, and Michigan.

14          15.     Lerner & Rowe Gives Back Foundation, Inc. is a 501(c)(3) nonprofit organization

15  founded by Kevin Rowe, managing partner of Lerner & Rowe, P.C., dedicated to extensive and

16  various community outreach programs. Specifically, Lerner & Rowe Gives Back works to

17  advance the missions of community organizations that serve children and families struggling

18  from the aftermath of the recent economic downturn and has, to date, raised over $2 Million in

19  secondary support for various philanthropic organizations.

20          16.     As a part of Lerner & Rowe's business, it advertises nationally and operates the

21  website lernerandrowe.com.

22          17.     Lerner & Rowe is the owner of all right, title and interest in and to the following

23  federally registered trademarks (hereinafter the "LERNER & ROWE Family of Marks"):

24          **a.  LERNER & ROWE**, United States Trademark Registration No. 6059750**;**

25          **b.  GLEN LERNER,** United States Trademark Registration No. 4694934 (a

26                                                      4

registration which has become incontestable according to United States trademark law);

c. **LERNER & ROWE GIVES BACK LR**, United States Trademark Registration No. 3977899 (a registration which has become incontestable according to United States trademark law).

18.     The LERNER & ROWE Family of Marks were innovated and developed at significant expense to Lerner & Rowe and are the subject of extensive marketing, advertising, and related efforts, by many and various commercial means, to create brand identity and educate the relevant consuming public as to the unique source of Lerner & Rowe's services.

19.     Lerner & Rowe has spent approximately $100 million promoting and advertising its LERNER & ROWE Family of Marks in Arizona and tens of millions more nationwide in a variety of ways, including but not limited to, radio, television, various print publications, billboards, and other marketing materials.

20.     Lerner & Rowe has also accrued strong common law rights in the LERNER & ROWE Family of Marks as a result of long, continuous, exclusive use of the LERNER & ROWE Family of Marks, extensive advertising, and significant media attention.

21.     The direct connection between the LERNER & ROWE Family of Marks and the services offered by Lerner & Rowe has become firmly established in the minds of the relevant consuming public.

22.     Lerner & Rowe enjoys a tremendous amount of goodwill and name recognition as a result of its use of the LERNER & ROWE Family of Marks and its extensive advertising and promotion of the LERNER & ROWE Family of Marks in Arizona and throughout the United States.

23.     The LERNER & ROWE Family of Marks are distinctive, i.e., consumers and members of the public recognize that goods and services marketed under the LERNER &

ROWE Family of Marks originate, are approved or endorsed by, or are affiliated with, Lerner & Rowe.

24.     As a result of this widespread use and recognition, the LERNER & ROWE Family of Marks have become assets of substantial value and goodwill, distinguishing Lerner & Rowe and the services it offers.

***Defendants and their Unlawful Use of the LERNER & ROWE Family of Marks***

25.     Defendant ALG, is a law firm that provides legal services to injury victims and competes with Lerner & Rowe.

26.     Defendant Joseph L. Brown is an attorney with the law firm ALG, P.C., is also the President/CEO and Director for ALG, as well as a Shareholder in ALG, and Defendant Joseph L. Brown provides legal services to injury victims via his affiliation with Defendant ALG.

27.     Defendants advertise their services through their website located at www.accidentlawgroup.com.

28.     In addition to other mediums, Defendants obtain clients through online advertising on search engines such as Google. To this end, one of the tools Defendants utilize is Google Ads (formerly known as Google Adwords) to run internet advertisements to drive web-traffic to Defendants' website and intake department.

29.     Google Ads is a Google advertising service in which advertisers bid on certain keywords or search terms in order for the advertisers' "clickable" ads to appear in Google's search results.  The keywords or terms on which advertisers bid are also commonly known as "Adwords."

30.     Defendants pay for these terms based on a bidding system. Specifically, the Defendants bid an amount of money they are willing to pay for ALG advertisement to appear in response to specific search terms. Google collects a fee from the bidder each time its ad or phone number is "clicked" in response to a Google search with the purchased keywords or

1  search terms.

2      31.     Upon information and belief, and as shown by the attached advertisements (the

3  "Advertisements"), Defendants have continuously bid on search terms within the LERNER &

4  ROWE Family of Marks, included but not limited to "Lerner Rowe," "Lerner & Rowe," and

5  "Lerner and Rowe." True and correct copies of examples of the Advertisements are attached as

6  "Exhibit A."

7      32.     Defendants knowingly and intentionally continue to use these terms and related

8  Advertisements to misleadingly direct current and potential clients of Lerner & Rowe to

9  Defendants by causing the Advertisements to prominently appear at or near the top of the

10 Google search webpage.

11     33.     Defendants have used the Infringing Marks in commerce to promote their directly

12 competing business through their various websites, including, www.accidentlawgroup.com, and

13 to attract current and potential clients of Lerner & Rowe in Arizona who intended to contact or

14 hire Lerner & Rowe.

15     34.     Defendants' use of the Infringing Marks in its keyword Advertisements results in

16 consumers immediately encountering Defendants' website and advertisements, which has

17 caused and is likely to cause initial interest confusion among consumers specifically looking for

18 Lerner & Rowe's services on the Internet as well as confusion as to the source of the services

19 offered by Defendants due to use of the Infringing Marks.

20     35.     Upon information and belief, Defendants have represented, currently represent,

21 and will continue to represent clients in Arizona that were obtained through its Advertisements

22 utilizing the Infringing Marks.

23     36.     Defendants' continued use of the Infringing Marks in connection with directly

24 competing legal services is likely to cause, and may have already caused, confusion among

25 consumers who erroneously believe that Defendants' services are associated, affiliated, or

26

7

1    connected with Lerner & Rowe, or that Lerner & Rowe has sponsored, authorized, approved, or

2    endorsed Defendants' business or services.

3        37.    Defendants' use of the Infringing Marks as keyword advertisements has

4    substantially harmed Plaintiff Lerner & Rowe, the LERNER & ROWE Family of Marks, and

5    the goodwill associated with the LERNER & ROWE Family of Marks.

6    *Defendants' Unlawful Use of the LERNER & ROWE Family of Marks is Willful and*

7    *Intention*

8        38.    Lerner & Rowe has contacted Defendants multiple times via email and phone

9    since December 2021 regarding Defendants' infringing use of the LERNER & ROWE Family

10   of Marks in Defendants' keyword advertising campaign and asked Defendants to refrain from

11   any further use of the LERNER & ROWE Family of Marks.

12       39.    Despite Defendants' claims in response that Defendants are not infringing on the

13   LERNER & ROWE Family of Marks, Defendants' Advertisements continuously and

14   prominently appear at or near the top of the Google search webpage when users search for

15   combinations of, for example, "Lerner Rowe," "Lerner & Rowe," and "Lerner and Rowe." See

16   Exhibit A.

17       40.    By letter dated August 10, 2021, Lerner & Rowe demanded that Defendants cease

18   using the Infringing Marks, and any confusingly similar version of the LERNER & ROWE

19   Family of Marks, in connection with Defendants' search listings and advertisements related for

20   Defendants' website.

21       41.    To date, Defendants have failed or refused to respond to Lerner & Rowe's August

22   10, 2021 letter.

23       42.    Defendants have intentionally and knowingly continued to use the Infringing

24   Marks as a paid search keyword on one or more Internet search engines, including Google.

25       43.    Defendants' unauthorized commercial use of the LERNER & ROWE Family of

26

Marks in the United States, and in Arizona, to Defendants' benefit and to the detriment of Plaintiff Lerner & Rowe and the public, has necessitated this suit for damages and injunctive relief, among other remedies.

## FIRST CLAIM FOR RELIEF

*(Trademark Infringement, Federal Unfair Competition, Federal False Designation of Origin and False Description Under Lanham Act, 15 U.S.C. §§ 1114, 1117 and 1125(a)(1)(A))*

44.     Lerner & Rowe incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

45.     Lerner & Rowe is the owner of all right, title and interest in and to the LERNER & ROWE Family of Marks. Through Lerner & Rowe's continued use and marketing efforts, the LERNER & ROWE Family of Marks and variations thereof, including but not limited to "Lerner Rowe," "Lerner & Rowe," and "Lerner and Rowe," have become associated with Lerner & Rowe.

46.     Both Lerner & Rowe and Defendants provide legal services to injury victims in Arizona and are direct competitors.

47.     Both Lerner & Rowe and Defendants offer their services through the same channel of trade, i.e., the Internet.

48.     Defendants have used the Infringing Marks as a paid keyword in their advertising campaign on various search engines including Google.

49.     Defendants' use of the Infringing Marks in connection with the sale, offering for sale, distribution, and advertising of services is of a manner likely to cause confusion, mistake, and deception among consumers as to the approval, origin, or sponsorship by Lerner & Rowe of products and services provided by Defendants, and which accordingly constitutes unfair competition and infringement of the LERNER & ROWE Family of Marks.

50.     The instantaneous nature of Internet navigation, the speed at which people navigate and are presented with advertisements, images and/or data on the Internet, and the speed at which consumers perform transactions on the Internet, all tend to increase the risk of confusion or mistake about the source of a product or service. This risk is compounded by Defendants' use of the Infringing Marks.

51.     On information and belief, Defendants have used the Infringing Marks with knowledge of, and the intent to call to mind, create a likelihood of confusion with regard to, and/or trade off the recognition and goodwill of Lerner & Rowe and the LERNER & ROWE Family of Marks.

52.     Lerner & Rowe has no control over the nature and quality of the services offered by Defendants, and Lerner & Rowe's reputation and goodwill will be damaged, and the value of the LERNER & ROWE Family of Marks jeopardized by Defendants' continued use of the Infringing Marks. Because of the likelihood of confusion resulting from Defendants' continued use of the Infringing Marks, faults found with Defendants' services could negatively reflect upon and injure the reputation that Lerner & Rowe has established for the high quality of services it offers in connection with the LERNER & ROWE Family of Marks.

53.     Defendants' use of the Infringing Marks has injured and will continue to injure Lerner & Rowe and the public by causing the public to be confused or mistaken into believing that the services provided by Defendants are associated, affiliated, or connected with Lerner & Rowe's services, or that Lerner & Rowe has sponsored, authorized, approved, or endorsed Defendants' business or services.

54.     As a result of Defendants' use of the Infringing Marks, Lerner & Rowe has incurred damages in an amount to be proven at trial consisting of, among other things, lost revenue and diminution in the value of and goodwill associated with the LERNER & ROWE Family of Marks.

55.     As demonstrated by Defendants' refusal to cease use of the Infringing Marks in their advertising campaigns, Defendants' acts as alleged above will continue if not enjoined. Lerner & Rowe has no adequate remedy at law.

56.     Plaintiff is entitled to an injunction restraining Defendants, its officers, agents and employees, and all persons acting in concert with it, from engaging in any further acts in violation of 15 U.S.C. §1114 and 1125.

57.     Defendants willfully, deliberately, and knowingly continue to infringe on the LERNER & ROWE Family of Marks despite Lerner & Rowe's express objection thereto. Lerner & Rowe is therefore entitled to recover three times the amount of its actual damages and the attorneys' fees and costs incurred in this action, and prejudgment interest.

## SECOND CLAIM FOR RELIEF

*(Common Law Trademark Infringement and Unfair Competition Under Arizona Law)*

58.     Lerner & Rowe incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

59.     Lerner & Rowe has used the LERNER & ROWE Family of Marks in connection with legal services provided in the State of Arizona since long before Defendants began using the Infringing Marks. As a result of Lerner & Rowe's long, continuous, prominent use of the LERNER & ROWE Family of Marks within the State of Arizona, Lerner & Rowe has established strong common law trademark rights under Arizona common law.

60.     Defendants' acts alleged herein infringe Lerner & Rowe's exclusive common law trademark rights in the LERNER & ROWE Family of Marks in the State of Arizona.

61.     Defendants' practice of purchasing the Infringing Marks as keywords with various Internet search engines constitutes at attempt to trade on the goodwill associated with the LERNER & ROWE Family of Marks by directing Internet traffic away from Lerner & Rowe' website to Defendants' website for commercial gain, and by causing initial interest confusion.

11

62.     Defendants' use of the Infringing Marks constitutes unfair competition and trademark infringement under Arizona common law, as Defendants' use of the Infringing Marks falsely tends to induce consumers to believe that Defendants' services are associated, affiliated, or connected with Lerner & Rowe' services, or that Lerner & Rowe has sponsored, authorized, approved, or endorsed Defendants' business or services, and because it unfairly tarnishes Lerner & Rowe's goodwill and rights in the LERNER & ROWE Family of Marks, which are likely to confuse, deceive, and injure the public.

63.     Defendants' conduct has caused and will continue to cause injury to Lerner & Rowe in the form of lost revenue and diminution and loss of goodwill in the LERNER & ROWE Family of Marks within Arizona.

64.     Defendants' acts as alleged above, if not enjoined, will continue. Lerner & Rowe has no adequate remedy at law.

65.     Based on the foregoing, Lerner & Rowe is entitled to an injunction against Defendants, as well as all other remedies available under Arizona common law, including but not limited to actual damages caused by Defendants' willful and continued infringement.

### THIRD CLAIM FOR RELIEF
*(Unjust Enrichment per Arizona Revised Statutes Title 44 – Trade and Commerce § 44-403 Damages)*

66.     Lerner & Rowe incorporates by reference the preceding paragraphs of this complaint as though fully set forth herein.

67.     The factual allegations of this Claim are material to the Claim and to this Claim's particular cause of actions.

68.     This Claim is directed to each Defendant, each and all, jointly, and severally, responsible for the acts or omissions set forth herein and against whom this claim is brought.

69.     The factual allegations asserted herein are common to all said Defendants.

///

70.     Defendants' acts, as alleged herein constitute unjust enrichment in violation of Arizona law.

71.     Defendants' acts, as alleged herein, have caused irreparable injury and damage to Plaintiff and, unless restrained, will continue to do so.

72.     As a result, Plaintiff has suffered damages with interest.

73.     Plaintiff has no adequate, complete remedy at law.

**PRAYER FOR RELIEF**

**WHEREFORE**, Lerner & Rowe demands judgment against Defendants on all of the above Claims, and on each and every claim for relief set forth above and award Lerner & Rowe full relief including, but not limited to, the following:

a.      a preliminary and permanent injunction enjoining and restraining Defendants and their officers, directors, principals, agents, servants, employees, successors, assigns, attorneys, and all those persons in active concert or participation therewith who received actual notice of this Court's orders:

   i.      from causing likelihood of confusion, or causing mistake, or to deceive as to the affiliation, connection, or association of Defendants with Lerner & Rowe or the LERNER & ROWE Family of Marks, or as to the origin, sponsorship, or approval of his services, or commercial activities, or causing injury to his business reputation, or dilution of the distinctiveness of the LERNER & ROWE Family of Marks, or Lerner & Rowe's forms of advertisement;

   ii.     from directly or indirectly falsely designating or representing that services are authorized, approved, associated with, or originating from, Lerner & Rowe;

   iii.    from directly or indirectly using the Infringing Marks or any

confusingly similar variants, iterations, or forms thereof, in any language, which is likely to cause confusion or further irreparable harm to Lerner & Rowe's business reputation or goodwill;

iv.   from utilizing the Infringing Marks or any confusingly similar variants in any shape or manner;

v.   from publishing, assembling, marketing, distributing, or otherwise utilizing any visual displays, literature, business forms, advertisements, signs, or any other representations, regardless of the medium, which bear the Infringing Marks or any confusingly similar variants, and from otherwise unfairly competing in any way with Lerner & Rowe;

vi.   to deliver up to Lerner & Rowe for destruction, at its option, all literature, advertisements, business forms, billboards, displays, signs, and any other representations, regardless of form, which are in, or come to be in, Defendants' possession, custody, or control and which bear the Infringing Marks or any confusingly similar variants;

vii.   to notify their clients, prospective clients, agents, and representatives that the Infringing Marks or any confusingly similar variants are not connected with Lerner & Rowe;

viii.   to implement negative adwords and negative Keywords "Lerner & Rowe", "Lerner and Rowe", and "Lerner Rowe" in correlation with ALG's website(s) and advertisement campaigns on Google, Bing, Yahoo, and any and all other search engines on which ALG advertises;

ix.   to immediately institute full compliance with any order entered by this Court, and, within thirty days following the date of entry of any preliminary or permanent injunctive relief issued by this Court,

propound and file a statement, under oath and penalty of perjury, that each and every injunctive provision has been fully and completely complied with;

b.    judgment in favor of Lerner & Rowe on each of its claims for relief;

c.    an accounting and payment of all profits gained by Defendants while engaging in the acts complained of herein, including without limitation wrongfully gained licensing fees, royalties, payments, and the like;

d.    disgorgement of any proceeds obtained from Defendants' use of the Infringing Marks (including similar variations thereof including but not limited to "Lerner Rowe" and "Lerner & Rowe" and "Lerner and Rowe");

e.    all monetary damages suffered by Lerner & Rowe, in an amount to be determined, including statutory, enhanced or treble damages;

f.    all costs and reasonable attorneys' fees incurred in connection with this action, plus appropriate interest thereon, pursuant to 15 U.S.C. § 1117(a), and any other applicable law;

g.    any punitive or enhanced damages available due to Defendants' willful and deliberate infringement, pursuant to 15 U.S.C. § 1117(a), and any other applicable law;

h.    an Order requiring Defendants to disseminate pre-approved corrective advertising to all clients, prospective clients, agents and representatives to address the likelihood of confusion caused by Defendants' acts;

i.    an Order directing the cancellation, removal, forfeiture and/or transfer of any and all claimed rights to the Infringing Marks; and

j.    such other relief as this Court may deem just and proper.

1     **DATED** 8th day of September 2021.

2                                 **LERNER & ROWE, PC**

3

4                       By: */s/ Andrew M. Gaggin*
                           Andrew M. Gaggin, Esq.

5                             agaggin@lernerandrowe.com
                           *Attorneys for Plaintiff*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                   16

1

## **DEMAND FOR JURY TRIAL**

2   Plaintiff Lerner & Rowe demands a jury trial n this case pursuant to Fed. R. Civ. P. 38(a).

3   Respectfully Submitted,

4   **LERNER & ROWE, PC**

5

6   **DATED** 8ᵗʰ day of September 2021          By: */s/ Andrew M. Gaggin*
                                                  Andrew M. Gaggin, Esq.
7                                                 agaggin@lernerandrowe.com
                                                  *Attorneys for Plaintiff*
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    17