WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lerner & Rowe PC, | No. CV-21-01540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Brown Engstrand & Shelly LLC, et al., | |
| Defendants. | |

Lerner & Rowe PC has filed a complaint alleging various trademark infringement claims against Defendant Brown, Engstrand & Shely LLC, d/b/a The Accident Law Group ("ALG"), and its President and CEO, Joseph Brown. Doc. 1. Defendants move to join Google as a party. Doc. 21. The motion is fully briefed (Docs. 21, 23, 24, 25), and oral argument will not aid the Court's decision. LRCiv 7.2(f). For reasons stated below, the Court will deny the motion.

**I.   Background.**

Plaintiff is a law firm specializing in personal injury litigation. Doc. 1 ¶¶ 13-14. It owns several federally registered trademarks, including LERNER & ROWE, U.S. trademark number 6059750. *Id.* ¶ 17. The trademarks are "assets of substantial value and goodwill." *Id.* ¶¶ 19, 24.

Defendant ALG also specializes in personal injury law and competes with Plaintiff. *Id.* ¶ 25. Defendant advertises using Google Ads, previously known as Google AdWords,

which allows advertisers to bid on keywords or search terms for a chance to place advertisements in Google's search results. *Id.* ¶¶ 28-29. Plaintiff believes that Defendant Brown, as agent for ALG, has used Google Ads to bid on Plaintiff's trademarks as keywords, including "Lerner Rowe," "Lerner & Rowe," and "Lerner and Rowe." *Id.* ¶ 31. As a result, Defendant ALG's advertisements have "prominently appear[ed] at or near the top of the Google search webpage" when a consumer searches for Plaintiff. *Id.* ¶ 32. Plaintiff asserts that Defendant ALG's advertisements have resulted in confusion and that consumers may erroneously believe Defendant's services are associated with or endorsed by Plaintiff. *Id.* ¶¶ 34, 36. Plaintiff asked Defendants to stop using its trademarks as Google Ad keywords, but Defendants insisted that their use of the keywords is non-infringing. *Id.* ¶¶ 38-41.

Plaintiff claims trademark infringement, unfair competition, and false designation of origin and false description under the Lanham Act, 15 U.S.C. §§ 1114, 1117, 1125(a)(1)(A); common law trademark infringement and unfair competition under Arizona common law; and unjust enrichment under A.R.S. § 44-403. Plaintiff seeks monetary and injunctive relief.

## II.    Failure to Join Necessary Party.

### A.    Legal Standard.

A party is "necessary" if it is subject to service of process, its joinder will not deprive the court of subject matter jurisdiction, and at least one of the following conditions is met:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1).

### B. Defendants' Motion.

Neither party argues that Google is not subject to service of process or that its joinder would destroy the Court's subject matter jurisdiction. *See* Docs. 21, 24. The Court's inquiry is accordingly whether one of the three conditions of Rule 19(a)(1) is met.

Defendants concede that they are not at risk of incurring inconsistent obligations absent Google's joinder under Rule 19(a)(1)(B)(ii). Doc. 25 at 10. To meet the test for necessity, then, Defendants must show either that the Court cannot accord complete relief between the existing parties in Google's absence, or that Google claims an interest in the subject of this litigation and disposing of the action without Google would impair or impede its ability to protect that interest. *See* Fed. R. Civ. P. 19(a)(1)(A)-(B)(i).

### 1. The Court Can Accord Complete Relief Between the Parties.

Defendants cite Ninth Circuit case law stating that keyword advertising utilizing trademarked phrases, while constituting "use in commerce" of the mark under the Lanham Act, is not *per se* infringement without some other factor leading to consumer confusion. Doc. 21 at 10 (citing *Network Automation, Inc. v. Advanced Sys. Concepts, Inc.*, 636 F.3d 1137, 1144-45 (9th Cir. 2011); *AMF Inc. v. Sleekcraft Boats*, 599 F.2d 34 (9th Cir. 1979)). Defendants argue that the thrust of Plaintiff's complaint is that consumer confusion results from the appearance of Defendant ALG's ads at or near the top of Google's search engine result page ("SERP") when a consumer searches for phrases trademarked by Plaintiff. *Id.* at 10-11. Defendants further argue that when and how ads are displayed on a SERP is determined by Google's algorithms. *Id.* at 9. Because bidders themselves do not exercise complete control over the display of their ads, Defendants argue it is inconceivable that the Court might fashion an order granting Plaintiff relief without having Google "weigh in" or subjecting Google to an order impacting how it displays ads on its SERPs. *Id.*

Plaintiff responds that Google's algorithms and policies are irrelevant to Defendants' infringement of Plaintiff's trademarks. Doc. 24 at 9. Plaintiff asserts that it is immaterial *where* Defendant ALG's ads are displayed on Google's SERP – the relevant inquiry is whether consumers searching for Plaintiff's trademarked phrases are "confused,

misled, or diverted away" from Plaintiff by Defendant's ads. *Id.* Plaintiff notes that one portion of its requested relief – that Defendants implement Plaintiff's trademarks as negative keywords – would eliminate all consumer confusion without requiring any input from or compliance by Google. *Id.*

Defendants argue in response that although the Court might be able to accord complete relief between the parties with a narrow order that does not affect Google, the Court could find wide-reaching remedies more appropriate. Doc. 26 at 6. Because of this possibility, Defendants argue, the Court should order joinder of Google "just in case." *Id.* at 7. Defendants also assert that the locations, frequencies, and prominence of the displays of their ads on Google's SERPS – factors controlled by Google – are "wholly intertwined" with Plaintiff's claims. *Id.*

The Court is not persuaded by Defendants' arguments. Complete relief could be granted by enjoining Defendants from continuing to use Plaintiff's trademarked phrases as keywords. This is exactly the type of relief Plaintiff seeks; it does not request a general injunction against Google allowing any advertiser to bid on any trademarked phrase. *See* Doc. 1 at 13-15.

Google's control of how ads are displayed on its SERPs does not mean that the Court cannot accord complete relief between the parties. Defendants' argument elides the fact that bidders fundamentally control their own ads by choosing what keywords to bid on and what text appears in an ad. "The fact that [Google] played a role in the facts of the case does not make them subject to mandatory joinder." *Hilton Head Island Dev. Co., LLC v. DuBois*, No. 9:13-cv-3510-RMG, 2014 WL 12615707, at *4 (D.S.C. Oct. 24, 2014).

Moreover, while the parties may require information from Google to resolve this dispute, "[a] party is not 'required' for Rule 19 purposes . . . merely because the existing parties need to obtain evidence from it." *Florists' Transworld Delivery, Inc. v. SendHerFlowers LLC*, No. CV 10–09242 DMG (AJWx), 2011 WL 13217939, at *9 (C.D. Cal. May 6, 2011). The federal rules provide ample tools for non-party discovery. "Defendants fail to show how the availability of discovery on Google is insufficient or how

they would otherwise be prejudiced by its absence." *Florists' Transworld Delivery, Inc.*, 2011 WL 13217939, at *9.

### 2.     Google Does Not Have Sufficient Interest in the Litigation.

Defendants argue that the relief Plaintiff seeks will "alter the fundamental landscape" in which Google Ads operates by restricting keyword advertising utilizing trademarked phrases regardless of whether the use is likely to cause confusion. Doc. 21 at 8. Defendants assert that injunctive relief would significantly impact Google's ability to allow advertisers to bid on keywords trademarked by their competitors – conduct that Defendants allege is undertaken by millions of advertisers. *Id.* at 9.

The Court is not convinced that Google has a sufficient interest in this case to require joinder. Plaintiff is not seeking the sort of far-reaching order that Defendants assert would affect Google's interests. Any order will have no binding effect beyond this case and will not impair Google's ability to sell other trademarked keywords, litigate the propriety of doing so, or sell ad keywords that are not trademarked (undoubtedly most of its business). *See Florists' Transworld Delivery, Inc.*, 2011 WL 13217939, at *9 ("[T]he Court declines to speculate as to how an adverse ruling in this litigation might affect Google's business interests."); *Hilton Head Island Dev. Co., LLC*, 2014 WL 12615707, at *4 (denying mandatory joinder of search engines in similar litigation).[1]

Having determined that Google is not a necessary party, the Court need not determine whether its joinder is feasible.

**IT IS ORDERED** that Defendants' motion to join Google (Doc. 21) is **denied**.

Dated this 21st day of March, 2022.

David G. Campbell
Senior United States District Judge

---

[1] The Court need not resolve whether Defendants have competently established facts outside the pleadings by reference to the record in *1-800 Contacts* because the Court finds that "even if Defendant[s'] allegations were properly supported, they would fail to establish that [Google is a] necessary part[y] under Rule 19." *CIT Fin. LLC*, 2015 WL 2412154, at *1 n.1.