**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lerner & Rowe PC, | No. CV-21-01540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Brown Engstrand & Shelly LLC; and Joseph L Brown, | |
| Defendants. | |

On May 18, 2023, the Court issued an order granting in part and denying in part Defendants' motion for summary judgment. Doc. 72. Defendants have filed a motion for reconsideration pursuant to Local Rule 7.2(g). Doc. 74. The motion is fully briefed and no party seeks oral argument.[1] For reasons stated below, the Court will grant Defendants' motion for reconsideration and grant the motion for summary judgment in full.[2]

**I.  Legal Standard.**

When an action presents multiple claims for relief, the Court may revise "any order or other decision that adjudicates fewer than all the claims." Fed. R. Civ. 54(b). A party seeking such a revision may bring a motion for reconsideration under Local Rule 7.2(g).

---

[1] The Court ordered a response and reply pursuant to Local Rule 7.2(g)(2).

[2] On June 19, 2023, Plaintiff filed a notice of appeal to the Ninth Circuit. Doc. 76. The Court has not entered (and has not been asked to enter) an order under Rule 54(b). Nor is the Court's previous order a final judgement with respect to the matters addressed in Plaintiff's attempted interlocutory appeal. Because Plaintiff's appeal is premature, the notice of appeal does not deprive the Court of jurisdiction. *Nascimento v. Dummer*, 508 F.3d 905, 908 (9th Cir. 2007) (quoting *Ruby v. Sec'y of Navy*, 365 F.2d 385, 388-89 (9th Cir. 1966) (en banc)) ("When a Notice of Appeal is defective in that it refers to a non-appealable interlocutory order, it does not transfer jurisdiction to the appellate court, and so the ordinary rule that the district court cannot act until the mandate has issued on the appeal does not apply.").

*Fed. Trade Comm'n v. Noland*, No. CV-20-00047-PHX-DWL, 2022 WL 901386, at *3 (D. Ariz. Mar. 28, 2022). Motions for reconsideration are disfavored and should be granted only in rare circumstances. *See id.*; *Ross v. Arpaio*, No. CV-05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citation omitted). A motion for reconsideration will be granted where the Court has overlooked or misapprehended matters or otherwise has committed manifest error. *See* LRCiv 7.2(g)(1); *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).

## II.    The Court Will Reconsider its Prior Ruling.

The Court granted summary judgment in favor of Defendants on Plaintiff's trademark infringement claim under the Lanham Act. Doc. 72 at 4-22. The Court found that Plaintiff presented insufficient evidence to prove that Defendants' use of its trademark was likely to cause consumer confusion. *Id.* Plaintiff's evidence, consisting of Defendants' call logs and screenshots of Google search pages, showed only *de minimis* instances of actual confusion and non-confusing internet search returns. *Id.* at 9-13, 16-20.

The remaining claims in this case are for unfair competition, false designation of origin and false description under the Lanham Act, and trademark infringement and unfair competition under Arizona common law. Defendants assert that the argument made in their summary judgment motion — that Plaintiff lacks sufficient evidence to show a likelihood of confusion — was intended to address all of "the federal and state claims for trademark and unfair competition." *Id.* at 4 (citing Doc. 65 at 6). The Court missed this point in its initial review of Defendant's motion, but now sees that Defendants did in fact argue that "[c]laims for unfair competition and trademark infringement under federal and state law are substantially congruent" and turn on a likelihood-of-confusion analysis. Doc. 65 at 6. Defendants asserted that Plaintiff "ha[d] not and [could] not establish beyond controversy essential elements of each of its claims." *Id.*

Plaintiff did not dispute Defendants' "substantial congruence" assertion. Plaintiff cited no case law distinguishing the likelihood-of-confusion analysis for trademark infringement under the Lanham Act from the unfair competition or false designation of

origin and false description claims brought under that statute. Nor did Plaintiff argue that the Court's analysis did not apply to the state claims.

Although courts need not consider matters "that are not specifically and distinctly argued" in a party's original brief, *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986), the decision to revise a prior order is within the Court's discretion. *See Payne v. Shinn*, No. CV-20-0459-TUC-JAS, 2023 WL 142909, at *4 (D. Ariz. Jan. 10, 2023) (finding "independent grounds to exercise its discretion to amend the prior order"); *Noland*, 2022 WL 901386, at *3 (D. Ariz. Mar. 28, 2022) ("Local Rule 7.2(g) does not enact a hard-and-fast prohibition against granting reconsideration[.]").

Review of relevant case law shows that the remaining claims in this case all require Plaintiff to show a likelihood of confusion. *See JL Beverage Co., LLC v. Jim Beam Brands Co.*, 828 F.3d 1098, 1104 (9th Cir. 2016) ("The likelihood of consumer confusion is central to" federal trademark infringement, false designation of origin, and unfair competition under the Lanham Act."); *SiteLock LLC v. GoDaddy.com LLC*, 562 F. Supp. 3d 283, 299 (D. Ariz. 2022) ("Lanham Act and Arizona common-law unfair competition claims share the same analysis.") (cleaned up); *AAA Alarm & Sec. Inc. v. A3 Smart Home LP*, No. CV-21-00321-PHX-GMS, 2021 WL 3857417, at *2 (D. Ariz. Aug. 30, 2021) ("Courts . . . address Arizona common law trademark claims under the framework of federal law.") (citation omitted). It makes no sense to proceed to trial on the remaining claims when the Court has already found that Plaintiff lacks evidence to establish a likelihood of confusion. *See* Doc. 72 at 4-22. The Court therefore will reconsider its prior order and enter summary judgment on the remaining claims.

**III.   Plaintiff's New Argument Is Unavailing.**

In response to Defendants' newly emphasized argument, Plaintiff argues that its Arizona common law claims for unfair competition "are distinct from its claims of trademark infringement and unjust enrichment." Doc. 78 at 5. Plaintiff contends that although a likelihood of confusion can be used to prove unfair competition, there is another way to prove this claim: "To prevail on a claim of unfair competition, a plaintiff must either

show that it was 'engaged in competitive business' with the defendant or that the defendant's actions were 'likely to produce public confusion.'" *Id.* at 5 (emphasis in original) (citations omitted). The Court is not persuaded.

Plaintiff relies on *Sutter Home Winery, Inc. v. Vintage Selections, Ltd.*, 971 F.2d 401 (9th Cir. 1992), and *Joshua David Mellberg LLC v. Will*, 96 F. Supp. 3d 953 (D. Ariz. 2015), but neither case holds that merely "engaging in competitive business" is sufficient to prove unfair competition. In *Sutter Home Winery*, the Ninth Circuit held that an unfair competition claim failed where the parties were not in competition and no public confusion was alleged. 971 F.2d at 407-08. And *Joshua David Mellberg* concerned unfair competition claims based on theories of misappropriation, computer fraud, trespass, and conversion, not unfair competition. 96 F. Supp. 3d at 963 (adopting the magistrate judge's report and recommendation and noting "the Court is not persuaded that the Magistrate Judge's ruling was based on the failure to allege public confusion.").

Further, both cases relied on *Lininger v. Desert Lodge*, 160 P.2d 761 (Ariz. 1945), in which the Arizona Supreme Court similarly did not hold that proof of a competitive business was alone sufficient for an unfair competition claim:

> The question before us in this case . . . is whether, on the evidence hereinbefore set out, the trial court was justified in finding that appellant and appellee are not in competition in marketing their respective services, and that there exists no reasonable likelihood that prospective customers will regard appellee's business as associated with appellant. We think the question must be answered in the affirmative.

*Id.* at 764. The court found that the parties were "not engaged in competition," but also that the defendant's actions would not cause confusion: "the improbability that prospective customers will identify or associate appellant with the business of appellee seems obvious." *Id.*

Even more basically, it makes no sense to suggest that the tort of unfair competition can be established simply by proving the parties compete. *Unfair* competition is the essence of the claim. *See, e.g.*, *Great Am. Duck Races Inc. v. 18 Kangaroo Mfr. Inc.*,

398 F.Supp.3d 494, 508 (D. Ariz. 2019) ("Under Arizona law, 'the ultimate question' for unfair competition is always whether trade is being unfairly diverted."); *ACT Grp. Inc. v. Hamlin*, No. CV-12-567-PHX-GMS, 2012 WL 2976724, at *6 (D. Ariz. July 20, 2012) ("Under Arizona law, 'the universal test for unfair competition is whether the public is likely to be confused.'") (quoting *Boice v. Stevenson*, 187 P.2d 648, 653 (Ariz. 1947)); *Doe v. Arizona Hosp. & Healthcare Ass'n*, No. CV07-1292-PHX-SRB, 2009 WL 1423378, at *12 (D. Ariz. Mar. 19, 2009) ("Neither party has cited a case where a court applied Arizona law and found that the tort of unfair competition existed in the absence of allegations of public confusion, and the Court is not aware of such a case."); *see also Taylor v. Quebedeaux*, 617 P.2d 23, 24 (Ariz. 1980) ("The gravamen of the case before us is unfair competition and the essence of unfair competition is confusion of the public. If such confusion exists, the relevant inquiry is whether the name taken by a defendant has previously come to indicate the plaintiff's business."); *Skydive Arizona, Inc. v. Hogue*, P.3d 153 (Ariz. Ct. App. 2015) ("The universal test for unfair competition is whether the public is likely to be deceived. That is, the ultimate question is always whether trade is being unfairly diverted, and whether the public is being cheated into the purchase of something which it is not in fact getting; the courts interfere solely to prevent deception.").

In short, all of Plaintiff's claims require a likelihood of confusion. Plaintiff has identified no source of confusion in this case other than Defendants' purchase of Plaintiff's trademark as Google keywords. Because the Court has found that Defendants lack evidence to show that this conduct created a likelihood of confusion, the Court will grant Defendants' motion for reconsideration and enter summary judgment on all claims. Because all claims fail, this holding applies to all Defendants, including Joseph L. Brown.

**IT IS ORDERED**:

1. Defendants' motion for reconsideration (Doc. 74) is **granted**.
2. Defendants' motion for summary judgment (Doc. 65) is **granted** in full.

/ / /

/ / /

3. The Clerk of Court shall enter judgment in favor of Defendants and terminate this action.

Dated this 28th day of July, 2023.

*David G. Campbell*
David G. Campbell
Senior United States District Judge