**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lerner & Rowe PC, | No. CV-21-01540-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Brown Engstrand & Shelly LLC; and Joseph L. Brown, | |
| Defendants. | |

Defendants have filed a motion to review the judgment on taxation of costs. Doc. 89. The motion is fully briefed and no party requests oral argument. The Court concludes that court reporter appearance fees are taxable costs.

The Clerk's Office denied Defendants' request to tax the deposition appearance fee charged by a court reporter who covered a necessary deposition in this case. *See* Doc. 87. Defendant contends that the appearance fee should be treated as a taxable cost.

As the parties note, a previous case in this District held that appearance fees were not taxable costs under 28 U.S.C. § 1920, the federal statute that governs such costs. *See PCT Int'l Inc. v. Holland Elecs. LLC*, CV-12-01797, 2016 WL 1392075, at *3 (D. Ariz. Apr. 8, 2016). That case relied on *Bosse v. Napolitano*, 337 F. App'x 633 (9th Cir. 2009), but *Bosse* did not address the issue in any detail. The appellant in *Bosse* objected to the district court's taxation of appearance fees even though the court had not taxed such fees. *See* Doc. 89 at 7. The Ninth Circuit recognized this fact and simply noted that "[t]he district

court did not inappropriately tax reporter appearance fees along with deposition transcript fees." *Id.* at 636. Nothing more was said on the issue. The Court cannot conclude that Ninth Circuit's use of the word "inappropriately" in this single sentence in an unpublished opinion constitutes circuit precedent that appearance fees are not taxable under the statute.

*PCT Int'l* also cited *Foraker v. Apollo Group, Inc.*, CV-04-2614-PHX-DGC, 2007 WL 2301269 (D. Ariz. Aug. 9, 2007), a case decided by the undersigned judge. The Clerk had declined to tax "condensed transcripts, indexing, litigation support, administration fees, mini transcripts, or appearance fees." *Id.* at *1. In addressing the plaintiff's objection, *Foraker* noted that the plaintiff "clearly failed to itemize each taxable type of transcript and included fees that are not taxable." On this record, *Foraker* declined to overrule the Clerk's decision. *Id.* Like *Bosse*, *Foraker* included no research or analysis on whether appearance fees may be awarded under 28 U.S.C. § 1920 or the Court's local rules.

"[T]he large majority of courts that have considered the question have found that a court reporter's attendance fee is part of the transcript fee itself, and therefore is taxable[.]" *Jacobs v. Cnty. of Hennepin*, No. 19-CV-2879 (PJS/HB), 2021 WL 509284, at *2 (D. Minn. Feb. 11, 2021); *see also Extra Equipamentos E Exportacao Ltda. v. Case Corp.*, 541 F.3d 719, 727 (7th Cir. 2008) ("Since the reporter cannot make the transcript without attending the hearing, the separate attendance fee is properly regarded as a component of the fee for the transcript."); *Arrambide v. Wal-Mart Stores, Inc.*, 33 F. App'x 199, 203 (6th Cir. 2002) ("The court reporter's appearance fee is necessary to take a deposition. Hence, the district court correctly determined that it was permissible to tax costs for the appearance fee."); *Whyte Monkee Prods., LLC v. Netflix, Inc.*, No. CIV-20-933-D, 2022 WL 16936038, at *2 (W.D. Okla. Nov. 14, 2022) (appearance fee taxable); *Advanced Fluid Sys., Inc. v. Huber*, 1:13-CV-3087, 2021 WL 391986, at *7 (M.D. Pa. Feb. 4, 2021) (appearance fees fairly encompassed within the statute's taxation of transcript fees); *Kane v. City of Ithaca*, 3:18-CV-0074 (ML), 2020 WL 372747, at *5 (N.D.N.Y. Jan. 22, 2020) (court reporter attendance fees taxable as transcript fees under the statute); *Affinity Roofing, LLC v. State Farm Fire & Cas. Co.*, 1:18-CV-4329-TCB, 2020 WL 4939169, at *2 (N.D. Ga. July 6,

2020) (appearance fee taxable because court reporter's appearance is necessary for the transcript to exist); *Peacock v. Horowitz*, 2:13-CV-02506- TLN-AC, 2016 WL 7034874, at *3 (E.D. Cal. Dec. 2, 2016) (finding no Ninth Circuit case on point; reversing clerk's disallowance of appearance fee); *Foster v. Mountain Coal Co.*, No. 12-cv-03341-LTB-MJW, 2015 WL 4484364, at *3 (D. Colo. July 23, 2015) ("The mileage and drive time fees are in the nature of so-called appearance fees charged by court reporters, which courts routinely allow."); *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1259 (S.D. Fla. 2013) ("The undersigned agrees that the appearance fee is directly related to preparing the transcript."); *MCC Mgmt. of Naples, Inc. v. Int'l Bancshares Corp.*, No. CIV-06-1345-M, 2010 WL 3522375, at *2 (W.D. Okla. Sept. 8, 2010), *aff'd*, 468 F. App'x 816 (10th Cir. 2012) ("the court reporter's attendance fees are recoverable"); 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2676 (4th ed.) ("If the expense of the deposition is held taxable, it is clear that the prevailing party is entitled to recover the fee of the officer presiding at the examination."). The Court agrees with these authorities.

The Court's Local Rule on taxable costs provides that "[t]he reasonable expenses of the deposition reporter and a notary presiding at the taking of the depositions are taxable, including travel and subsistence." LRCiv 54.1(e)(3). While the rule does not specifically address appearance fees, the Court concludes that such fees fall within "reasonable expenses of the deposition reporter." *Id.*

The Court accordingly concludes that Defendants are entitled to recover the appearance fee in this case as a taxable cost.

**IT IS ORDERED:**

1. Defendants' motion (Doc. 89) is **granted**.

2. The Clerk shall tax the $375 court reporter appearance fee in this case.

Dated this 5th day of December, 2023.

David G. Campbell
Senior United States District Judge

3